**BREWER, et al v. GRAY, Secretary of State, et al.**

Circuit Court, Leon County.

February 3, 1956.

184

Butt & Akridge, Cocoa, and A. Max Brewer, Titusville, for plaintiffs.

Richard W. Ervin, Attorney General, Howard S. Bailey, Assistant Attorney General, for the Secretary of State and Attorney General.

Woodrow M. Melvin, Milton, for defendant Charles D. Stewart.

HUGH M. TAYLOR, Circuit Judge.

The court in this proceeding is called upon to answer the following question—

Is chapter 31378, Laws of Florida, Acts of 1955 (Extraordinary Session), which apportions the House of Representatives in accordance with section 3, article VII, constitution of Florida, invalid or presently inoperative because the session of the legislature at which it was enacted, although still in session, has not enacted a statute apportioning the Senate of Florida?

The court has carefully considered the arguments presented on both sides of this question. These arguments involve a detailed analysis of many of the words and phrases used in section 3 of article VII of the constitution and a consideration of these words and phrases in their relationship to each other and other parts of the section of the constitution under consideration. A detailed discussion in this decision of all these arguments would extend this order into many pages. The preparation of such an opinion would delay for several days the entry of an order at a time when the parties are entitled to a prompt ruling by this court to the end that should review be desired, it may be accomplished prior to the expiration of the time within which candidates for membership in the House of Representatives must qualify if they are to be

nominated in the approaching primary election. The court will therefore state only a summary of its conclusions.

It is the duty of the legislature to reapportion both the Senate and the House of Representatives. The House of Representatives has been reapportioned. The Senate has not.

It is clear from the language of the constitution that it is *contemplated* that reapportionment of both branches of the legislature shall take place either simultaneously or so close together as to be effective at the same election. But the constitution does not in express terms, *require* that this be done. Nor is it, in the opinion of the court, *necessarily implied* from the language used.

The existence of two duties (a) to reapportion the Senate and (b) to reapportion the House of Representatives, does not make the performance of one duty ineffectual until the other has been accomplished unless it is clear from the constitution that this was the intent of the people. I cannot find that intent clear in the constitution.

The section of the constitution under consideration was adopted at a time when the state constitution required a census in every year ending with the figure 5, in addition to the regular federal censuses. The second sentence reads as follows—"Should the Legislature fail to apportion the Representation in the Senate and in the House of Representatives, at any regular session of the Legislature at any of the times herein designated, it shall be the duty of the Legislature or Legislatures succeeding such regular session of the Legislature, either in special or regular session, to apportion the Representation in the Senate and in the House of Representatives as herein provided."

It will be noted that if the legislature of 1955 fails to reapportion the Senate *and* the House of Representatives, it will be the duty of the legislature of 1957 to reapportion the Senate *and* the House of Representatives. The language quoted is at least readily susceptible to the construction that the legislature of 1955 may validly reapportion one body without reapportioning the other, but if this occurs, it is the duty of the succeeding legislatures to reapportion both bodies, so that, if a new census intervenes, as might have been expected under the constitution as it existed in 1924 and could occur now, the representation in the two houses would be correlated to the last census.

It cannot be overlooked that under the constitution the people of certain counties are *entitled* to two members in the House of

Representatives which they will have if chapter 31378 is sustained and which will be denied them, through no fault of their own, if this statute is held to be invalid or inoperative. A construction of the constitution which deprives these people of this representation to which they are entitled because of the unfortunate difficulties which have prevented a reapportionment of the Senate should, if at all possible, be avoided.

It is therefore considered, ordered, adjudged, declared and decreed that chapter 31378, Laws of Florida, Acts of 1955 (Extraordinary Session), is valid and controls the number of members of the House of Representatives to be elected from the several counties of the state in the election to be held November 6, 1956, and consequently the number of persons to be nominated for such offices in the primary elections to be held in May, 1956, whether or not a reapportionment of the Senate of Florida is accomplished before the election of November 6, 1956.